**TVT RECORDS and TVT Music, Inc., Plaintiffs,**

v.

**The ISLAND DEF JAM MUSIC GROUP and Lyor Cohen, Defendants.**

**No. 02 Civ. 6644(VM).**

United States District Court, S.D. New York.

Aug. 23, 2006.

**312**

Peter L. Haviland, Los Angeles, CA, for Plaintiff.

Danna Drori, U.S. Attorney's Office, SDNY, Paul George Gardephe, Patterson, Belknap, Webb & Tyler LLP, James M. La Rosa, Matthew Sheldon Dontzin, The

Dotzin Law Firm LLP, New York City, for Defendants.

## DECISION AND ORDER

MARRERO, District Judge.

By Order dated May 15, 2006, Magistrate Judge Debra Freeman, to whom this matter had been referred, issued a Report and Recommendation (the "Report"), a copy of which is attached and incorporated herein█ recommending that the Court deny the motion of plaintiffs TVT Records, Inc. and TVT Music, Inc. (collectively, "TVT") to impose sanctions on defendant Lyor Cohen ("Cohen") pursuant to Federal Rule of Civil Procedure 11.[1] TVT filed timely objections to the Report and Cohen responded to TVT's submission. For the reasons stated below, the Court adopts the Report's recommendation that TVT's application for sanctions be denied.

## I. BACKGROUND

The relevant facts regarding the instant matter and the parties' larger dispute are set forth in the Report, as well as in previous rulings of this Court[2] and are thus incorporated herein by reference. At issue is the testimony and documentary evidence Cohen presented, at trial of TVT's claims against Cohen and co-defendant The Island Def Jam Music Group ("IDJ"), relating to his net worth, specifically the value of his interest in a company known as Phat Fashions. TVT contends that in a Net Worth Statement Cohen filed with the Court that was admitted into

---

1. The Report notes some dispute as to whether TVT's motion should be considered as more appropriately filed under Rule 37 rather than Rule 11. Magistrate Judge Freeman recommended that the Court not consider the applicability of Rule 37 because TVT did not move on that basis and did not address the Rule 37 alternative until its reply brief. (*See* Report at 7–8, n. 5.) Having reviewed the matter the Court adopts the Report's recommendation on this point.

2. *See, e.g., TVT Records v. The Island Def Jam Music Group*, 279 F.Supp.2d 366, 373–75 (S.D.N.Y.2003), *rev'd*, 412 F.3d 82 (2d Cir. 2005).

evidence, he knowingly understated his interest in the company, as indicated by the price at which that company was sold within a matter of months after the trial of TVT's underlying claims. On this basis, TVT requested additional discovery and an evidentiary hearing in support of a motion for sanctions against Cohen, pursuant to Federal Rule of Civil Procedure 11. As remedy, TVT proposes a penalty in an amount of approximately $4.5 million to be paid to TVT.[3] It is TVT's theory that Cohen provided deliberately false evidence to the jury and the Court in this regard, and that his statements may have been relevant and material to the jury's verdict on Cohen's liability and damages, as well as to the Court's consideration of Cohen's and IDJ's motions for a new trial.

Magistrate Judge Freeman authorized certain discovery TVT sought for the purposes of filing this motion, and indeed enlarged its scope to allow TVT to pursue additional allegations that in his Net Worth Statement Cohen had failed to disclose ownership of other substantial assets.

Upon review of the parties' respective submissions, Magistrate Judge Freeman ruled that TVT's motion for sanctions was untimely in that it was filed almost 10 months after Cohen's Net Worth Statement was submitted in connection with the trial, five months after this Court's denial of defendants' motion for a new trial, and two months after the Second Circuit vacated the final judgment against Cohen. According to Magistrate Judge Freeman: "Indeed, by the time TVT's motion was filed in August 2005, the Net Worth Statement no longer had any substantive relevance to the case." (Report at 11.) On this basis, the Report concludes that TVT's application for sanctions did not comply with Rule 11's "safe harbor" provision, which disallows such motions as untimely "when filed after a point in the litigation when the [party] sought to be sanctioned lacked an opportunity to correct or with-

---

**3.** This figure derives from the approximately $3.5 million that TVT asserts it incurred in legal fees and costs associated with litigating the underlying action, plus another $1 million TVT allegedly spent in producing a recording that was never delivered, purportedly by reason of Cohen's misconduct in connection with TVT's dealings with Cohen and IDJ. (*See* Report at 6.) The Court notes that in this respect TVT seeks to use its Rule 11 motion compensatorily, to make TVT whole for some of its outlays from a failed business venture that involved action by Cohen and IDJ. The Court questions the application of Rule 11 sanctions for this purpose. Among permissible remedies, Rule 11 countenances a monetary award to the movant that may include payment of attorneys' fees and other costs "incurred as a direct result of the violation." Fed.R.Civ.P. 11(c)(2); *Divane v. Krull Elec. Co., Inc.,* 200 F.3d 1020, 1031 (7th Cir.1999). The amounts TVT seeks to recover here bear no direct relation to the conduct by Cohen it alleges warrants sanctions, as TVT incurred virtually all of those expenses prior to Cohen's trial statement, and there is no clear and convincing evidence establishing any connection between Cohen's alleged Rule 11 violation and TVT's expenditures, perhaps with the exception of those undertaken in connection with the instant motion, directly attributable to that conduct. Given the legal posture of the parties' controversy following TVT's loss on appeal, what TVT's motion amounts to is an attempt to recover through Rule 11 sanctions financial losses it is no longer able to remedy through the underlying litigation. Insofar as the Second Circuit's ruling disposed of the punitive damages awards that may have served as a means by which TVT may have been able to recover attorneys' fees and costs, the Rule 11 motion at hand effectively represents an end run around the results of that decision. (The Court notes that TVT subsequently modified its request to "welcome sanctions even if they were payable only to the Court." (*See* TVT's Reply in Further Support of its Objections to Magistrate's Report and Recommendations Regarding Motion for Sanctions, dated August 11, 2006, at 5.) In either event, as elaborated below, the Court finds insufficient justification for sanctions in the record of this case.)

draw the challenged submission." *In re Pennie & Edmonds LLP,* 323 F.3d 86, 89 (2d Cir.2003) (citation omitted).

Second, the Report recommends that the Court deny the imposition of sanctions on its own initiative, or in exercise of its inherent powers to impose sanctions for fraud upon the Court. These recommendations are predicated essentially on the ground that the record lacks clear and convincing evidence to support a finding that Cohen acted in actual bad faith at the time his Net Worth Statement submission was made, or that Cohen knowingly filed a false or misleading statement to the Court as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly. Reviewing the totality of the circumstances, Magistrate Judge Freeman found that no basis existed to conclude that Cohen acted in bad faith or purposely with such knowledge and intent, and on that basis recommended that the Court not impose sanctions.

TVT's objections argue that the Report's conclusions were clearly erroneous or contrary to law because: (1) TVT's motion was timely, given that there is no explicit limit for filing Rule 11 motions, that the matter of timeliness lies within the discretion of the Court, and that in submitting its motion TVT complied fully with the discovery and scheduling orders approved by Magistrate Judge Freeman and this Court; (2) the evidence of Cohen's "perjury" or lack of candor in the course of the litigation of this action was not an "isolated instance," but rather part of a long and consistent pattern of conduct by Cohen that constituted a deliberate scheme to mislead; (3) Cohen should be sanctioned for failing to disclose other allegedly material assets and financial interests in his Net Worth Statement, one of which in fact was Cohen's single greatest asset; and (4)

Cohen should be sanctioned for understating his interest in Phat Fashions, as Cohen's lack of candor in this connection was continual. To develop the record further in support of its theories, TVT renews its request for an evidentiary hearing.

Cohen filed a response taking issue with TVT's objections and endorsing the Report's findings and recommendations in every respect. Cohen, in turn alleging a violation of Rule 11 by TVT in pursuing its sanctions motion, requests an award of fees and costs Cohen incurred in opposing TVT's application.

## II. *STANDARD OF REVIEW*

A district court evaluating a Magistrate Judge's report with respect to a matter not dispositive of a claim or defense may adopt the Magistrate Judge's findings and conclusions as long as the factual and legal bases supporting the recommendations are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge with regard to such matters. *See* Rule 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y.1994).

## III. *DISCUSSION*

The Court need not address TVT's objections to the Report's determination that TVT's Rule 11 motion was untimely. For, whether or not the sanctions application was properly filed, the Court finds no sufficiently compelling basis to grant TVT the remedy it seeks.

Having conducted a review of the full factual record, including, among other things, the parties' respective submissions in this matter, Magistrate Judge Free-

man's thorough and well-considered Report, as well as applicable legal authorities, the Court concludes that the findings, reasoning and legal support for the Report's recommendations are appropriate. First, upon its own examination of the record and the circumstances as a whole, the Court is not persuaded that Cohen's conduct in connection with submitting and testifying about his Net Worth Statement amounts to sanctionable wrongdoing. Cohen's sworn declaration that he had reviewed the document when in fact he had relied upon his accountants and attorneys in that regard does not warrant the extreme penalty TVT's motion seeks, absent evidence, which the Court finds the record before it does not sufficiently establish under either an objective or an actual standard, that Cohen acted knowingly and deliberately to mislead or otherwise defraud the Court.

Second, substantially for the reasons set forth in the Report, the Court concludes that the evidence on the record of this motion adequately supports a determination that Magistrate Judge Freeman's findings were not clearly erroneous or contrary to law. The Report's analysis convincingly establishes that Cohen's conduct and testimony in connection with the Phat Fashions valuation in the Net Worth Statement and other financial interests at issue did not exhibit sufficient actual bad faith, or that it was part of a knowing and deliberate scheme to commit fraud upon the Court, so as to warrant imposition of sanctions upon the Court's initiative under Rule 11 or pursuant to its inherent power.

Based on the preceding considerations, the Court finds no reason to grant TVT's request for an evidentiary hearing, an application which this Court and Magistrate Judge Freeman had previously denied. The Court fails to see what substance could come out such proceedings that would be foreseeably likely to alter the outcome of this ruling.[4]

In a similar vein, the Court denies Cohen's motion for an award of attorneys' fees and costs expended in opposing this motion. Though in the end the Court has found insufficient grounds for TVT's motion, two considerations are worthy of note in this regard. First TVT did signal early on, during and shortly after the trial, that it intended to pursue sanctions against Cohen, and it was permitted by the Court and Magistrate Judge Freeman to file such a motion on a schedule of discovery and briefing that concluded after the Second Circuit's ruling on Cohen's and IDJ's appeals of the verdict against them. Second, even if TVT pressed this motion with utmost zeal and certain aspects of it rest on grounds that are somewhat tenuous, in viewing the relevant circumstances as a whole the Court is not persuaded that TVT's application was frivolous, objectively unreasonable or pursued in bad faith.[5]

---

4. For additional considerations on this point, see postscript in footnote 5 below.

5. The Court adds an admittedly gratuitous postscript to what it hopes is the final episode of the parties' epic feud as it unfolded in this case. In further response to TVT's insistent demand for an evidentiary hearing, and anticipating the motions for reconsideration that have become part of common practice in this litigation, this note may serve some preemptive purpose. There appears little else of legal value to be gained by more court proceedings on this matter at this point, other than to prolong the agony of a dispute whose public din, personal disruption and impact on judicial (and natural) resources have already scaled volcanic proportions, its tremors, plume and eruptions having traveled as far as the United States Supreme Court. Now in the rigors of the lawsuit's final gasps after four years of relentless activity, it would not serve the interest of justice, finality, or judicial economy for the parties not to allow the case a merciful, dignified and peaceful rest. Further recycling of arguments that by now

**316**

## IV. ORDER

For the reasons discussed above, it is hereby

**ORDERED** that the Report and Recommendation of Magistrate Judge Debra Freeman dated May 15, 2006 is adopted to the extent described in the foregoing decision, and the motion of plaintiffs TVT Records, Inc. and TVT Music, Inc. for sanctions under Federal Rule of Civil Procedure 11 is DENIED; and it is further

**ORDERED** that the request of defendant Lyor Cohen for an award of attorneys' fees and costs associated with opposing the instant motion is DENIED.

**SO ORDERED.**

are quite stale, and stirring the ashes of claims that the appellate courts have decisively buried, can be fairly viewed only as carrying on the parties' private quarrel well beyond the point of diminishing public returns, pushing it to the border of litigation for its own sake, and to that extent potentially supplying valid ground to question the good faith basis for persisting with such efforts through the courts. Any sober appraisal of the long record of this controversy could not fail to note the utter futility of the stalemate to which all the sound and fury the parties have brought to bear in stoking their business and personal battles have driven them at this juncture. Both sides have wound up with virtually nothing to show for their expenses and troubles, as gauged by the absence of material financial gain yielded by the substance of their claims and counterclaims, while having

burned deep holes in their pockets through which, by their own accounts, each has dropped in excess of $3.5 million in fees and costs. These adversaries should bear in mind that in the annals of humankind, many individuals locked in intense personal conflicts, and even nations at war, when the toll of combat surpassed all reasonable expectation and justification of compensating gains, have summoned the courage, the will and the means to say "enough," and to bring an end to their strife—in countless instances involving interests and stakes far greater than those implicated in this action. A lot more than additional money may stand to be lost from a contrary course. Wise counsel would urge that the litigants here would be far better off, perhaps even enriched, recalling that there is much more to life to be lived beyond courtroom brawls.